E-FILED
Thursday, 20 November, 2025  06:03:49 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION**

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC.<br><br>      Plaintiff<br><br>vs<br><br>SIDDHI VINAYAK HOSPITALITY INC.<br>d/b/a SUPER SLEEP INN, HARSIDDHI<br>PROPERTIES LLC, SHAILESH PATEL,<br>ASHISH PATEL, and CHIRAG PATEL<br><br>      Defendants. | Civil Action No.: 4:25-cv-4212 |

**COMPLAINT**

**COMES NOW** the Plaintiff, Choice Hotels International, Inc., by and through its legal counsel, and in support of its Complaint against Defendant Siddhi Vinayak Hospitality Inc. d/b/a Super Sleep Inn, Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel, and Chirag Patel, does hereby allege and aver:

**Nature of Action**

1. This is a civil action for Trademark Infringement arising under the Lanham Act. Choice Hotels is the owner of the SLEEP INN® Trademark and a family of additional SLEEP® formative trademarks that it uses in conjunction with the provision of hotel services. Defendants Siddhi Vinayak Hospitality Inc., d/b/a Super Sleep Inn, Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel, and Chirag Patel are, without the permission or approval of Choice Hotels, operating a hotel in this State and District, at 2929 N Main Street, Princeton, IL 61356 (hereinafter, "The Subject Property") under the moniker SUPER

1

SLEEP INN. Defendants are not now, nor have they ever been, authorized to use the SLEEP INN® mark, or any of the marks in the SLEEP® Family of Marks, in connection with the provision of hotel services at the Subject Property. Such use is likely to create consumer confusion in violation of the Lanham Act.

**Parties**

2.  The Plaintiff, Choice Hotels International, Inc., is a Delaware corporation, licensed to conduct business in the State of Illinois, having a principal place of business at 915 Meeting St, Suite 600, North Bethesda, MD 20852.

3.  Defendant Siddhi Vinayak Hospitality Inc. d/b/a SUPER SLEEP INN is a corporation organized under the laws of the State of Illinois having a business address at 1135 Fieldstone Ln, Bartlett, IL 60103-1802.

4.  Defendant Harsiddhi Properties LLC, is a limited liability company organized under the laws of the State of Illinois having a business address at 1135 Fieldstone Ln, Bartlett, IL 60103-1802.

5.  Defendant Shailesh Patel is a natural person, an officer of Defendant Siddhi Vinayak Hospitality Inc. d/b/a SUPER SLEEP INN, and a Member/Manager of Defendant Harsiddhi Properties LLC who regularly conducts business in this State and District by engaging in the provision of hotels services at the Subject Property.

6.  Defendant Ashish Patel is a natural person, an officer of Defendant Siddhi Vinayak Hospitality Inc. d/b/a SUPER SLEEP INN, and a Member/Manager of Defendant Harsiddhi Properties LLC who regularly conducts business in this State and District by engaging in the provision of hotels services at the Subject Property.

7. Defendant Chirag Patel is a natural person, an officer of Defendant Siddhi Vinayak Hospitality Inc. d/b/a SUPER SLEEP INN, and a Member/Manager of Defendant Harsiddhi Properties LLC who regularly conducts business in this State and District by engaging in the provision of hotels services at the Subject Property.

## Jurisdiction and Venue

8. This Court has both diversity and federal question jurisdiction over this case.

9. This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000.00 and the parties are citizens of different States.

10. This Court has original federal question jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331, 1338(a).

11. This Court has original jurisdiction in this case pursuant to 28 U.S.C. §1338(b) because this civil action asserts a claim of unfair competition joined with a substantial and related claim under the trademark laws.

12. This Court has supplemental jurisdiction over the state and common law claims in this action pursuant to 28 U.S.C. §1367(a) because those claims are so related to the Lanham Act claims so as to form part of the same case or controversy under Article III of the United States Constitution.

13. Upon information and belief, each Defendant has sufficient contacts with this State and District such that this Court's exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice.

14. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## Factual Background

15. Choice Hotels International, Inc. (hereinafter, "Choice Hotels") is in the business of franchising hotels.

16. Choice Hotels can trace its roots to the 1930s when it was comprised of a small chain of roadside hotels.

17. Since that time, Choice Hotels has grown to become one of the largest and most successful lodging franchisors in the world.

18. Choice Hotels is now a publicly traded company with over 7,100 franchised hotels in over 40 countries and territories around the world.

19. Choice Hotels offers high value, mid-priced, hotel and motel services under such well-known brands as ASCEND HOTEL COLLECTION®. CAMBRIA®. COMFORT®, SLEEP®, QUALITY®, CLARION®, CLARION POINTE®, MAINSTAY SUITES®, WOODSPRING SUITES®, SUBURBAN STUDIOS®, EVERHOME SUITES®, ECONO LODGE®, RODEWAY INN®, RADISSON®, RADISSON BLU®, RADISSON RED®, RADISSON INDIVIDUALS®, COUNTRY INN & SUITES® BY RADISSON, PARK INN® BY RADISSON AND PARK PLAZA.

## The SLEEP® Family of Marks

20. Choice Hotels and/or its predecessor in interest has been offering lodging services under a family of SLEEP-formative trademarks since at least as early as 1987.

21. Choice Hotels is the owner of no fewer than 12 Federal Trademark Registrations for marks that contain or comprise the term SLEEP for use in connection with lodging and related services.  These registrations include:

| No. | Trademark | Design | Registration | Status |
|-----|-----------|--------|--------------|--------|
| 1 | SLEEP INN BY CHOICE HOTELS | | 6212589 | Active |
| 2 | SLEEP | | 6155127 | Active |
| 3 | SLEEP INN | | 5946324 | Incontestable |
| 4 | SLEEP INN | SLEEP INN | 4379617 | Incontestable |
| 5 | SLEEP INN | | 4379616 | Incontestable |
| 6 | SLEEP INN | | 3449309 | Incontestable |
| 7 | SLEEP INN & SUITES | | 3304069 | Incontestable |

| 8 | SLEEP INN & SUITES | SLEEP INN & SUITES | 3163646 | Incontestable |
| 9 | SLEEP | SLEEP | 3008870 | Incontestable |
| 10 | SLEEP INN & SUITES | SLEEP INN INN & SUITES | 2697638 | Incontestable |
| 11 | SLEEP INN | SLEEP INN | 2665526 | Incontestable |
| 12 | SLEEP INN | SLEEP INN | 1690604 | Incontestable |

Copies of the relevant registrations are attached hereto as Exhibit 1.

22. The majority of the SLEEP® Registrations identified in enumerated Paragraph 21 (Nos 3-12 above) have achieved incontestable status pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

23. Since the inception of their use, the service marks described in Paragraph 21 above (hereinafter, collectively, "the SLEEP® Family of Marks"), have been used by Choice Hotels, its predecessors, and franchisees only in connection with the provision of the highest value hotel and motel services.

24. Each registration identified in Paragraph 21 above remains active, valid, and enforceable. Choice Hotels has invested, and continues to invest, significant resources in the development, promotion, and protection of the SLEEP® Family of Marks.

25. As a result of its concerted branding efforts, the SLEEP® Family of Marks have become widely associated, in the minds of the consuming and general public, with the goods and services offered by Choice Hotels.

26. The marks in the SLEEP® Family of Marks are indicative to both the trade industry and to consumers that items bearing, or services offered under, the SLEEP® marks originate from, or are sponsored or approved by, Choice Hotels, and constitute genuine and authentic Choice Hotels goods and services.

**Infringement of the SLEEP® Family of Marks by Defendants**

27. Defendants Siddhi Vinayak Hospitality Inc., d/b/a Super Sleep Inn, Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel and Chirag Patel (hereinafter, collectively, "Defendants") are currently operating a hotel in this State and district at 2929 N Main Street, Princeton, IL 61356 (hereinafter, "The Subject Property").

28. Upon information and belief, the hotel located at The Subject Property was, at one time, operated as a legitimate SUPER 8® franchise.

29. Choice Hotels does not own, nor is it affiliated in any way with, the SUPER 8® brand.

30. Upon information and belief, Defendants acquired The Subject Property in May 2023.

31. Choice Hotels has recently learned that Defendants are now operating the hotel at the Subject Property under the moniker SUPER SLEEP INN.

32. In addition to the physical signage at the Subject Property, Defendants are using the SUPER SLEEP INN moniker to advertise hotel services on major third-party booking sites such as www.expedia.com, and www.booking.com.

33. Choice Hotels has also learned that Defendants have registered and are using the Internet domain name www.supersleepinn.com in connection with the provision of hotel services at The Subject Property.

34. Choice Hotels has never licensed the SLEEP INN® mark, for which it owns multiple registrations, or any other mark in the SLEEP® Family of Marks, to Defendants for use in connection with the provision of hotel services at The Subject Property.

35. Accordingly, on or about March 13, 2025, outside counsel for Choice Hotels sent a cease-and-desist letter, by FedEx® delivery service, to Harsiddhi Properties LLC and the manager of the hotel regarding use of the SUPER SLEEP INN moniker at the Subject Property. A true and correct copy of the March 13, 2025, cease-and-desist letter is attached hereto as Exhibit 2.

36. The cease-and-desist letter specifically informed Defendants that Choice Hotels owns a family of SLEEP® trademarks for use in connection with the provision of hotel and motel services.

37. The cease-and-desist letter further reminded Defendants that it had never entered into a franchise agreement with Choice Hotels which would permit use of the marks in the SLEEP® Family of Marks in connection with the provision of hotel services at The Subject Property.

38.  The cease-and-desist letter further informed Defendants that unauthorized use of the SUPER SLEEP INN moniker at The Subject Property constitutes trademark infringement and unfair competition.

39.  The cease-and-desist letter demanded that Defendants provide written and photographic evidence, no later than Wednesday, March 26, 2025, that they had completely discontinued use of the SLEEP® Family of Marks at The Subject Property and online.

40.  The cease-and-desist letter advised Defendants that the Wednesday, March 26, 2025, deadline did not constitute permission to use the mark nor did it constitute a reprieve from incurring damages.

41.  Defendants did not respond to the cease-and-desist letter.

42.  Rather, on March 18, 2025, AFTER having received the cease-and-desist letter, Defendants filed United States Trademark Application Serial No. 99/091189 (hereinafter, "the '189 Application") to register the moniker SUPER SLEEP INN with the United States Patent and Trademark Office. A true and correct copy of the '189 Application is attached hereto as Exhibit 3.

43.  On or about August 20, 2025, the United States Patent and Trademark Office issued an Office Action refusing registration of Defendants' proposed SUPER SLEEP INN mark under Section 2(d) of the Lanham Act on the grounds that it creates a likelihood of consumer confusion with the SLEEP® Family of Marks owned by Choice Hotels. A true and correct copy of the Office Action refusing registration is attached hereto as Exhibit 4.

44.  Thereafter, Choice Hotels again reached out to Defendants and again requested cessation of use of the SUPER SLEEP INN moniker.

45. While Defendants expressed a willingness to alter the SUPER SLEEP INN moniker, they refused to discontinue use of Choice Hotels SLEEP® mark in connection with the provision of hotel services.

46. Upon information and belief, Defendants continue to use the SUPER SLEEP INN moniker in connection with the provision of hotel services at the Subject Property.

47. Upon information and belief, Defendants continue to use the Internet domain www.supersleepinn.com in connection with the provision of hotel services at the Subject Property.

48. Upon information and belief, Defendants continue to use the SUPER SLEEP INN moniker to advertise hotel services on major third-party booking sites such as www.expedia.com, and www.tripadvisor.com.

49. Defendants have used and are using the SUPER SLEEP INN moniker in connection with the provision of hotel services without authorization or permission from Choice Hotels.

50. Defendants' use of the SUPER SLEEP INN moniker creates a likelihood of consumer confusion with the SLEEP® Family of Marks, including the SLEEP INN® mark, owned by Choice Hotels.

51. The continued unauthorized use of the SUPER SLEEP INN moniker has irreparably damaged, and will continue to irreparably damage, the valuable good will associated with the SLEEP® Family of Marks, including the SLEEP INN® marks, owned by Choice Hotels.

**CLAIM I**
**Infringement of SLEEP® Family of Marks**
**(15 U.S.C. §1114)**

52. Paragraphs 1-51 are incorporated by reference herein as though set forth in their entirety.

53. Choice Hotels is the owner of a Family of SLEEP® marks, including multiple registrations for the SLEEP INN® mark, which it uses in connection with the provision of hotel and motel services. Included in that family of marks are at least the following United States Trademark Registrations Nos.: 6212589, 6155127, 5946324, 4379617, 4379616, 3449309, 3304069, 3163646, 3008870, 2697638, 2665526, and 1690604.

54. Choice Hotels never licensed the SLEEP® Family of Marks to Defendants for use in connection with the provision of hotel services at The Subject Property.

55. Upon information and belief, Defendants had actual knowledge of the SLEEP® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used the SLEEP® Family of Marks in commerce, in a manner likely to cause confusion, mistake, or deception in violation of Section 32(a) of the Lanham Act, 15 U.S.C. §1114(1).

56. Specifically, Defendants have used and are using the moniker SUPER SLEEP INN in connection with the provision of hotel services at The Subject Property which creates a likelihood of consumer confusion with the SLEEP INN® mark and the SLEEP® Family of Marks owned by Choice Hotels.

57. The acts of Defendants as described herein constitute infringement of one or more of Choice Hotels' federally registered trademarks.

58. As a direct and proximate cause of the infringing acts of Defendants, Choice Hotels has been damaged in an amount to be determined at trial.

59. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Defendants and the cost of the action under 15 U.S.C. §1117.

60. The acts of Defendants as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

61. The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the goodwill associated with the SLEEP® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**CLAIM II**
**Federal Unfair Competition – False Designation of Origin**
**(15 U.S.C. §1125(a))**

62. Paragraphs 1- 61 are incorporated by reference herein as though set forth in their entirety.

63. Upon information and belief, Defendants had actual knowledge of the SLEEP® Family of Marks owned by Choice Hotels and, without the consent of Choice Hotels, knowingly and deliberately used, and continue to use, in commerce marks which are likely to cause confusion, mistake, or deception in violation of Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)).

64. Upon information and belief, Defendants have used and are using the mark SUPER SLEEP INN in commerce in connection with the provision of hotel and motel services.

65. Such use constitutes a false designation of origin, and/or a false or misleading description and/or representation of fact which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and

Defendants, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendants by Choice Hotels.

66. As a direct and proximate cause of the acts of Defendants as described herein, Choice Hotels has been damaged in an amount to be determined at trial.

67. Choice Hotels is entitled to injunctive relief under 15 U.S.C. §1116, and to recover its damages, the profits of Defendants and the cost of the action under 15 U.S.C. §1117.

68. The acts of Defendants as described herein warrant this case being designated as exceptional under 15 U.S.C. §1117 and the imposition of treble damages and attorneys' fees.

69. The acts of Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the SLEEP® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

**CLAIM III**
**Illinois Deceptive Trade Practices Act**
**(815 ILCS 510 et seq.)**

70. Paragraphs 1- 69 are incorporated by reference herein as though set forth in their entirety.

71. The foregoing acts of Defendants constitute deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act.

72. Defendants' continued, unauthorized and willful use of the mark SUPER SLEEP INN violates the Illinois Deceptive Trade Practices Act in at least the following ways:

    a. Such continued, unauthorized, and willful use of a mark that is so highly similar to the SLEEP® Family of Marks has caused and will continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

13

b.  Such continued, unauthorized and willful use of a mark that is so highly similar to the SLEEP® Family of Marks causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

c.  Such continued, unauthorized and willful use of a mark that is so highly similar to the SLEEP® Family of Marks represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

d.  Such continued, unauthorized and willful use of a mark that is so highly similar to the SLEEP® Family of Marks represents that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

e.  Such continued, unauthorized and willful use of a mark that is so highly similar to the SLEEP® Family of Marks constitutes conduct which similarly creates a likelihood of confusion or misunderstanding.

73. The acts of the Defendants as described herein have caused and will continue to cause serious irreparable injury to Choice Hotels and to the good will associated with the SLEEP® Family of Marks unless restrained and enjoined by this Court. Choice Hotels has no adequate remedy at law.

74. Defendants willfully engaged in these deceptive trade practices.

## CLAIM IV
## Common Law Infringement / Unfair Competition

75. Paragraphs 1- 74 are incorporated by reference herein as though set forth in their entirety.

76. The activities of the Defendants as described herein are unfair acts occurring in commerce that have damaged the legitimate business of Choice Hotels by creating a likelihood of consumer confusion in the marketplace; therefore those actions constitute unfair competition pursuant to the common law of Illinois.

77. Defendants have used, and continue to use, marks in commerce which are likely to create consumer confusion in the marketplace; therefore those activities constitute trademark infringement under the common law of Illinois.

78. The conduct of Defendants as described herein has injured Choice Hotels in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Choice Hotels for which there is no adequate remedy at law.  Choice Hotels will continue to be so damaged in the absence of relief from this Court. The acts of Defendants as described herein are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association between Choice Hotels and Defendants, or as to the origin, sponsorship, or approval of the services or commercial activities of Defendants by Choice Hotels.

79. As a direct and proximate cause of the acts of Defendants as described herein, Choice Hotels has been irreparably harmed, including injury to its goodwill and reputation, resulting in lost revenues and profits and diminished goodwill.

80. Choice Hotels has no adequate remedy at law and is entitled to injunctive relief against Defendants' further acts of unfair competition.

**WHEREFORE**, Choice Hotels prays:

A.      That each of the Named Defendants, e.g., Siddhi Vinayak Hospitality Inc. d/b/a Super Sleep Inn,  Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel and Chirag Patel, together with their respective agents, servants, employees and attorneys and all those in active concert or participation with them, be preliminarily and permanently and forever enjoined from using any of the marks in the SLEEP® Family of Marks, including but not necessarily limited to, the marks appearing in United States Trademark Registration Nos.: 6212589, 6155127, 5946324, 4379617, 4379616, 3449309, 3304069, 3163646, 3008870, 2697638, 2665526, and 1690604 or any mark confusingly similar thereto;

B.      That each of the Named Defendants, e.g., Siddhi Vinayak Hospitality Inc. d/b/a Super Sleep Inn,  Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel and Chirag Patel, be found liable for Federal Trademark Infringement and Federal Unfair Competition resulting from its use of the SUPER SLEEP INN moniker.

C.      That Choice Hotels be awarded judgment for damages against each of the Named Defendants, e.g., Siddhi Vinayak Hospitality Inc. d/b/a Super Sleep Inn,  Harsiddhi Properties LLC, Shailesh Patel, Ashish Patel and Chirag Patel, resulting from violation of Sections 32(a) of the Lanham Act (15 U.S.C. §1114) and 43(a) of the Lanham Act (15 U.S.C. §1125(a)) for Federal Trademark Infringement and Federal Unfair Competition, respectively, in an amount to be fixed by the Court which in its discretion it finds just, including:

1. all profits received by each Named Defendant from sales and revenues of any kind as a result of the actions complained of herein; and

2. all damages sustained by Choice Hotels as a result of each Named Defendants' acts of infringement and unfair competition, and that such damages be trebled; and

3. that, in light of the deliberate and willful actions of each Named Defendant, this action be designated an exceptional case, thereby entitling Choice Hotels to an award of all reasonable attorneys' fees, costs, and disbursements incurred by Choice Hotels as a result of this action, pursuant to 15 U.S.C. § 1117, and that Choice Hotels be awarded such relief;

D.    That Choice Hotels be awarded injunctive relief, its costs and attorney's fees against each Named Defendant resulting from their violation of the Illinois Deceptive Trade Practices Act;

E.    That Choice Hotels be awarded judgment for damages, in an amount to be determined at trial, against each Named Defendant resulting from their common law infringement and unfair competition;

F.    That Choice Hotels be awarded the costs and attorneys' fees it incurs in this action;

G.    That Choice Hotels be awarded punitive damages; and

H.    That this Court award any and all relief not here enumerated that this Court should deem just and equitable.

Dated: November 20, 2025                         Respectfully submitted,

                                                 s/John T.D. Bathke
                                                 John T.D. Bathke
                                                 (ARDC: 6305438)
                                                 Phillips & Bathe, P.C.
                                                 300 NE Perry Ave.
                                                 Peoria, IL 61603
                                                 (312) 260-9160
                                                 jtdb@pb-iplaw.com

                                                 and

Matthew J. Ladenheim (*PHV* anticipated)
N.C. Bar No.: 29309
FLA Bar No.: 1015895
STOBBS
214 West Tremont Ave. Suite 303
Charlotte, NC 28203
Telephone: (704) 702-6007
Email: matthew.ladenheim@iamstobbs.com
Litigation.us@iamstobbs.com
*Counsel for Plaintiff, Choice Hotels*

*International, Inc.*